151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mung Van LAM, Plaintiff-Appellant,
v.
Paul BARNETT, Jr., et al., Defendants-Appellees.
 No. 96-3237.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.*
Decided August 4, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois No. 96-2079 Harold A. Baker, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WILLIAM J. BAUER, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Mung Van Lam filed a civil rights action under 42 U.S.C. § 1983 claiming that prison officials at the Danville Correctional Center in Illinois violated his Eighth Amendment and Fourteenth Amendment rights by subjecting him to cruel and unusual punishment and by discriminating against him on the basis of his ethnicity or nationality. Lam does not allege that any of the alleged conduct resulted in physical injury to him, and thus he has no Eighth Amendment claim. See 42 USCA § 1997e(e). Lam has not alleged any violation of due process in the proceedings that resulted from the "false charges" that were brought against him. The procedural requirements of a disciplinary hearing protect prisoners from arbitrary disciplinary actions of prison officials. McKinney v. Meese, 831 F.2d 728, 733 (7th Cir.1987). With respect to Lam's allegation that prison officials acted with a retaliatory animus, Lam has failed to set forth a chronology of events from which retaliation may plausibly be inferred. See Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987). For the reasons, insofar as they pertain to these issues, stated by the district court in the Order dated August 30, 1996, we AFFIRM.
 
 
 
 *
 The Appellees notified this Court of their intent not to file a brief. After an examination of the Appellant's brief and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the brief and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)